UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL THOMAS,<br><br>        Plaintiff,<br><br>v.<br><br>ELDERHELP OF SAN DIEGO<br><br>        Defendant. | Case No.: 3:17-cv-0941-GPC-MDD<br><br>**ORDER:**<br><br>**1) GRANTING PLAINTIFF'S REQUEST TO PROCEED IN FORMA PAUPERIS;**<br><br>**2) DISMISSING CIVIL ACTION FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)**<br><br>**3) DENYING AS MOOT PLAINTIFF'S REQUEST FOR COURT-APPOINTED COUNSEL**<br><br>**AND**<br><br>**4) GRANTING PLAINTIFF LEAVE TO AMEND WITHIN 30 DAYS**<br><br>**[ECF Nos. 1, 2, 3.]** |

On May 8, 2017, Plaintiff Carol Thomas ("Plaintiff"), proceeding *pro se*, filed a Complaint alleging gross negligence against ElderHelp of San Diego ("Defendant"). (Dkt. No. 1.) Plaintiff concurrently filed a motion to proceed *in forma pauperis* ("IFP") and a motion for court-appointed counsel. (Dkt. Nos. 2, 3.) For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis*, **DISMISSES** Plaintiff's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and **DENIES AS MOOT** Plaintiff's request for court-appointed counsel.

## DISCUSSION

### I. Motion for Leave to Proceed *In Forma Pauperis*

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1). The facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). When a plaintiff moves to proceed IFP, the court first "grants or denies IFP status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint" pursuant to 28 U.S.C. § 1915(e)(2) ("§ 1915(e)(2)"). *Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). IFP status may be acquired and lost during the course of

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2016)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2

litigation. *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S–06–0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (internal citation omitted).

Here, Plaintiff has supplied an affidavit in support of her application to proceed *in forma pauperis*. (Dkt. No. 2.) Plaintiff declares that she receives $330.72 in supplemental security income and $585 in social security benefits per month, resulting in a total monthly income of $915.72. (*Id.* at 2.) Plaintiff declares that her monthly expenses total $930. (*Id.* at 4.)[2] Plaintiff thus has a monthly deficit of $14.28 per month. Further, Plaintiff declares that she is $15,000 in debt. (Dkt. No. 3 at 6.)

In light of Plaintiff's monthly income and economic circumstances, the Court concludes that Plaintiff cannot afford the filing fee. Accordingly, the Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*.

**II.     *Sua Sponte* Screening**

Notwithstanding Plaintiff's IFP status, the Court must review complaints filed by all persons proceeding IFP and must *sua sponte* dismiss any complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard.

---

[2] Including the $100 worth of supplements recommended by her doctor, Plaintiff's monthly total expenses appear to add up to $930. (Dkt. No. 2 at 4). Alternatively, Plaintiff states that her total monthly expenses add up to $1,100 in her affidavit in support of request for counsel. (Dkt No. 3 at 6.)

3

*Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

However, while the court "ha[s] an obligation where the Plaintiff is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the Plaintiff the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled," *Ivey v. Bd. of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Here, Plaintiff claims that the Court has jurisdiction to hear her case under 28 U.S.C. § 1343(a)(3). (Dkt. No. 1 at 1.) This statute serves as the jurisdictional counterpart to 42 U.S.C. § 1983 ("§ 1983"). *Lynch v. Household Fin. Corp.*, 405 U.S. 538, 540 (1972). To state a claim for relief under § 1983, "plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

First, Plaintiff fails to show that Defendant acted "under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). Section 1983 claims are directed only to acts "under color of state law" or state action and exclude from its purview merely private conduct, no matter how discriminatory or wrongful. *Id.*; *Marsh v. Cty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012). In the absence of allegations of fact showing a defendant acted under color of state law, a complaint should be dismissed. *See Brunette v. Humane Soc'y of Ventura Cty.*, 294 F.3d 1205, 1214 (9th Cir.

2002), *as amended on denial of reh'g and reh'g en banc* (Aug. 23, 2002) (affirming the district court's dismissal of a complaint for failure to state a claim where the plaintiff failed to demonstrate that the defendants engaged in state action). Even broadly construing the Complaint as asserting a § 1983 claim, Plaintiff has not shown that Defendant acted under color of state law. Plaintiff solely indicates that Defendant is a non-profit organization. (Dkt. No. 1 at 1.)

Further, Plaintiff has failed to allege that Defendant has violated a right protected by the federal Constitution or created by federal statute. *See Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Section 1983 claims do not cover conduct that only violates state law. *See Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001). Plaintiff asserts a gross negligence claim, which involves a violation of state law. (Dkt. No. 1 at 1.) *See Ladd v. Cty. of San Mateo*, 12 Cal. 4th 913, 917 (Cal. 1996). The federal court is one of limited jurisdiction. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Thus, Plaintiff's Complaint fails to allege a violation of a federally secured right that can be entertained by this Court.

Accordingly, because the Complaint fails to allege that Defendant deprived Plaintiff of a federal right while acting under color of state law, the Court **DISMISSES** Plaintiff's claim.

### III. Motion to Appoint Counsel

Plaintiff concurrently filed a motion seeking court-appointed counsel. (Dkt. No. 3.) In light of the Court's dismissal of this civil action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court **DENIES AS MOOT** Plaintiff's motion for court-appointed counsel.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis*, **DISMISSES** Plaintiff's Complaint for failure to state a claim upon

5

3:17-cv-0941-GPC-MDD

which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and **DENIES AS MOOT** Plaintiff's request for court-appointed counsel.

The Court **GRANTS** Plaintiff **thirty (30)** days leave from the date of this Order in which to re-open the case. To re-open the case, Plaintiff shall, within thirty days of this Order:

1. File an Amended Complaint which cures all of the deficiencies of pleading described in this Order. If Plaintiff elects to file an Amended Complaint, it must be complete by itself without reference to the original pleading. *See* S.D. CAL. CIV. LR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

2. If Plaintiff fails to file an Amended Complaint within the time provided, this civil action will remain dismissed based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and her failure to prosecute in compliance with a Court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: May 26, 2017

*[signature]*
Hon. Gonzalo P. Curiel
United States District Judge